1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9
10

CHRISTOPHER MAMMY,

11
                      Petitioner,
12

13       v.

14  ERIC HOLDER, Attorney General,

15                      Respondent.

16  _____

) 1:10-cv—00885-LJO-SKO-HC
)
) FINDINGS AND RECOMMENDATION TO
) GRANT RESPONDENT'S MOTION TO
) DISMISS THE PETITION AS MOOT
) (Doc. 9)
)
)
)
)
)
)

17
18

At the time the petition was filed, Petitioner was being

19  detained by the Immigration and Naturalization Service (INS) and

20  proceeded with a petition for writ of habeas corpus pursuant to

21  28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner

22  has consented to the jurisdiction of the United States Magistrate

23  Judge to conduct all further proceedings in the case, including

24  the entry of final judgment, by manifesting consent in a signed

25  writing filed by Petitioner on May 13, 2010 (doc. 4).  However,

26  Respondent has not responded to the Court's order of November 1,

27  2010, directing Respondent to consent or decline consent to the

28  Magistrate Judge's jurisdiction to enter judgment.  Accordingly,

1

the matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

Pending before the Court is the Respondent's motion to dismiss, which was filed on October 7, 2010, in which Respondent seeks to have dismissed as moot Petitioner's petition, which was filed on May 18, 2010.  The twenty-one-day period for filing opposition pursuant to Local Rule 230(l) has passed, but Petitioner has not filed any opposition to the motion to dismiss.

I.  Background

Petitioner alleged that he is a native of Sierra Leone who was ordered deported to Sierra Leone and who had been unlawfully and indefinitely detained at the Kern County Jail, Lerdo Facility, after having been ordered removed from the United States on April 28, 2009, and having been in custody since May 2008.  (Pet. 2-3.)  Petitioner alleged that he was neither awaiting trial nor serving a sentence on any state or federal criminal case.  (Pet. 3.)  He argued that pursuant to Zadvydas v. Davis, 533 U.S. 678, 690, 699-700 (2001), he was entitled to relief because there was no significant likelihood that removal would occur in the reasonably foreseeable future.  (Pet. 3.) Petitioner contended that his continued, indefinite detention under 8 U.S.C. § 1231(a)(6) exceeded Respondent's statutory authority to detain him and violated the Due Process Clause of the Fifth Amendment.  (Pet. 4.)  Petitioner sought release from INS custody under reasonable conditions of supervision.  (Pet. 5.)

Respondent submitted in connection with the motion to dismiss an executed warrant of removal, which was effected on

July 19, 2010, by air from the port of New York, New York.  (Doc. 12, Att. A [doc. 12-1] pp. 1-3.)  Respondent also submitted a copy of Immigration Enforcement Agent April Jacques' memorandum to file regarding having been accompanied by IEA Resurreccion while escorting Petitioner from the United States via the JFK Airport on a Royal Air Maroc Airlines Flight on July 19, 2010.

Further, the Court notes that the docket reflects that the Court's order of November 3, 2010, permitting further documentation in support of the motion to dismiss and a response thereto, was mailed to Petitioner in custody and was returned on November 8, 2010, as "undeliverable, not in custody."

II.   Proceeding by a Motion to Dismiss

Title 28 U.S.C. § 2241 provides that writs of habeas corpus may be granted by a district court within its jurisdiction only to a prisoner whose custody is within enumerated categories, including but not limited to custody under the authority of the United States or custody in violation of the constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(a), (c)(1) and (3).

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the applicant is not entitled thereto.  28 U.S.C. § 2243.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) is applicable to proceedings brought pursuant to § 2241. Habeas Rule 1(b).  Habeas Rule 4 permits the filing of "an answer, motion, or other response," and thus it authorizes the filing of a motion in lieu of an answer in response to a

petition.  Rule 4, Advisory Committee Notes, 1976 Adoption and
2004 Amendments.  This gives the Court the flexibility and
discretion initially to forego an answer in the interest of
screening out frivolous applications and eliminating the burden
that would be placed on a respondent by ordering an unnecessary
answer.  Advisory Committee Notes, 1976 Adoption.  Rule 4 confers
upon the Court broad discretion to take "other action the judge
may order," including authorizing a respondent to make a motion
to dismiss based upon information furnished by respondent, which
may show that a petitioner's claims suffer a procedural or
jurisdictional infirmity, such as res judicata, failure to
exhaust state remedies, or absence of custody.  Id.

        The Supreme Court has characterized as erroneous the view
that a Rule 12(b)(6) motion is appropriate in a habeas corpus
proceeding.  See, Browder v. Director, Ill. Dept. of Corrections,
434 U.S. 257, 269 n. 14 (1978).  However, in light of the broad
language of Rule 4, it has been held in this circuit that motions
to dismiss are appropriate in cases that proceed pursuant to 28
U.S.C. § 2254 and present issues of failure to exhaust state
remedies, O'Bremski v. Maas, 915 F.2d 418, 420 (9th Cir. 1990) (a
motion to dismiss for failure to raise any issue of federal law,
which was based on the insufficiency of the facts as alleged in
the petition to justify relief as a matter of law, was evaluated
under Rule 4); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir.
1989) (procedural default in state court); Hillery v. Pulley, 533
F.Supp. 1189, 1194 n.12 (E.D.Cal. 1982) (a motion to dismiss for
failure to exhaust state remedies is appropriately considered
after receipt of evidence pursuant to Rule 7(a) to clarify

4

whether or not the possible defect, not apparent on the face of
the petition, might preclude a hearing on the merits, and after
the trial court has determined that summary dismissal is
inappropriate).

Here, Respondent's motion to dismiss is based on mootness.
Respondent's motion is similar in procedural posture to a motion
to dismiss for failure to exhaust state remedies or for state
procedural default.  Further, the motion is unopposed; in the
context of the facts alleged in the petition and reflected in
Respondent's moving papers, the motion does not raise material
factual disputes.  Finally, Respondent has not yet filed a formal
answer.

The Court therefore exercises its discretion to review
Respondent's motion pursuant to its authority under Habeas Rule
4.

III.  <u>Analysis</u>

Title 28 U.S.C. § 2241 confers habeas corpus jurisdiction
upon the Court to hear this case.  <u>Zadvydas v. Davis</u>, 533 U.S.
678, 687-88.

However, where a Court is without power to grant the relief
requested, then the case is moot.  <u>Picrin-Peron v. Rison</u>, 930
F.2d 774, 775 (9th Cir. 1991) (petition for habeas corpus seeking
release form allegedly unlawful, indefinite detention was moot
where the government paroled the petitioner).  Where a petitioner
who seeks release has been released under circumstances where
there is no reasonable likelihood that the alleged wrong will
recur, the petition is moot and will be dismissed.  <u>Picrin-Peron
v. Rison</u>, 930 F.2d 773, 776.

1    Here, the release sought by Petitioner was release from the
2  custody of the INS.  Respondent has demonstrated that Petitioner
3  has been released from INS custody.

4    Federal courts lack jurisdiction to decide cases that are
5  moot because the courts' constitutional authority extends to only
6  actual cases or controversies.  <u>Iron Arrow Honor Society v.</u>
7  <u>Heckler</u>, 464 U.S. 67, 70-71 (1983).  Article III requires a case
8  or controversy in which a litigant has a personal stake in the
9  outcome of the suit throughout all stages of federal judicial
10  proceedings and has suffered some actual injury that can be
11  redressed by a favorable judicial decision.  <u>Id.</u>  A petition for
12  writ of habeas corpus becomes moot when it no longer presents a
13  case or controversy under Article III, § 2 of the Constitution.
14  <u>Wilson v. Terhune</u>, 319 F.3d 477, 479 (9th Cir. 2003).  A petition
15  for writ of habeas corpus is moot where a petitioner's claim for
16  relief cannot be redressed by a favorable decision of the court
17  issuing a writ of habeas corpus.  <u>Burnett v. Lampert</u>, 432 F.3d
18  996, 1000-01 (9th Cir. 2005) (quoting <u>Spencer v. Kemna</u>, 523 U.S.
19  1, 7 (1998)).  Mootness is jurisdictional.  <u>See</u>, <u>Cole v. Oroville</u>
20  <u>Union High School District</u>, 228 F.3d 1092, 1098-99 (9th Cir.
21  2000).  Thus, a moot petition must be dismissed because nothing
22  remains before the Court to be remedied.  <u>Spencer v. Kemna</u>, 523
23  U.S. 1, 18 (1998).

24    The Court concludes that the petition is moot and must be
25  dismissed.

26    IV.  <u>Disposition</u>

27    Accordingly, it is RECOMMENDED that:

28    1)  Respondent's motion to dismiss the petition as moot be

6

1  GRANTED; and

2       2)  The petition for writ of habeas corpus be DISMISSED as

3  moot; and

4       3)  The Clerk be DIRECTED to close the action.

5       These findings and recommendations are submitted to the

6  United States District Court Judge assigned to the case, pursuant

7  to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

8  the Local Rules of Practice for the United States District Court,

9  Eastern District of California.  Within thirty (30) days after

10 being served with a copy, any party may file written objections

11 with the Court and serve a copy on all parties.  Such a document

12 should be captioned "Objections to Magistrate Judge's Findings

13 and Recommendations."  Replies to the objections shall be served

14 and filed within fourteen (14) days (plus three (3) days if

15 served by mail) after service of the objections.  The Court will

16 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

17 636 (b)(1)(C).  The parties are advised that failure to file

18 objections within the specified time may waive the right to

19 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

20 1153 (9th Cir. 1991).

21

22 IT IS SO ORDERED.

23 **Dated:    December 7, 2010            /s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

7